GEORGE H. BOWMAN COMPANY, Appellant, v. QUIMBY, Respondent.

(152 N. W. 345.)

(File No. 3794.    Opinion filed April 27, 1915.    Rehearing denied June 19, 1915.)

**Courts—Appeal—Appeal from Municipal Court to Supreme Court— To Circuit Court—Justices Code—Appeal From Intermediate Order—Statute.**

Laws 1913, Ch. 278, Sec. 7, provides that appeals from judgments from circuit court to Supreme Court, provided that in Supreme Court in the same manner, etc., as appeals from judgment from circuit court to Supreme Court, provided that in cases otherwise cognizable before justices of the peace, etc., appeals may be taken only to the circuit court in the manner provided by Justice Code.  Held, that the latter Code does not allow appeals from intermediate or interlocutory orders, but provides for a review on appeal from final judgment; that, where plaintiff recovered judgment in municipal court in an action cognizable in justices court, he cannot appeal directly to the Supreme Court from the judgment as modified by a subsequent order, on the ground that he was not appealing from the judgment but from an interlocutory order, since such appeal would not be from a "judgment," but from an intermediate order, and said. Ch. 278 does not contemplate that appeals from intermediate orders may be taken directly to the Supreme Court, but they are reviewable under said Justice Code under appeal from a judgment; therefore plaintiff's appeal to the Supreme Court is dismissed.

Appeal from Municipal Court of Lead.    Hon. JOHN H. ROGERS, Judge.

Action by the George H. Bowman Company against Walter A Quimby, to recover a money judgment.    From an· order of the Municipal Court modifying its judgment, plaintiff appeals.' Appeal dismissed.

*H. E. Dewey,* for Appellant.

*Francis J. Parker,* and *Glenn W. Martens,* for Respondent.

Appellant cited:    Code Civil Procedure, Sec. 236; Hunter v. Karcher, 8 S. D. 554; Mouser v. Palmer, 2 S. D. 466; Will-

iams v. Wait, 2 S. D. 210; Bode v. Ins. Co., 1 N. D. 121; Laws 1913, Ch. 278, Sec. 26.

McCOY, P. J.   This cause was commenced in the municipal court of the city of Lead by plaintiff to recover from defendant the sum of $78.87 and interest, then amounting to $4.14, and being an action cognizable before a justice of the peace.   There was a trial which resulted in a judgment being entered in favor of plaintiff for $83.02 damages and $21.08 costs.   Thereafter defendant moved for a new trial on the ground of the insufficiency of the evidence to justify the decision and judgment, and, upon such motion coming on to be heard, the said court vacated the said original judgment in favor of plaintiff and rendered a new and modified judgment in favor of plaintiff for $28.87 damages and $11 costs.   This modification was effected by the allowance of a payment of $50, of which defendant gave evidence on the trial.   From this modified judgment and order the plaintiff has appealed direct to this court.   The defendant moves this court, by order to show cause, to dismiss the appeal on the ground that this court has no jurisdiction to entertain such appeal.   It is the contention of defendant, the respondent, that, the action being one cognizable before a justice of the peace, an appeal will only lie to the circuit court, and not to this court, except through the circuit court, while it is contended by appellant that he has only appealed from the order vacating the original judgment, and that all orders made by the municipal court are appealable direct to the Supreme Court.   The notice of appeal, omitting title, date, and signature, reads as follows:

"Take notice that the plaintiff and appellant above named hereby appeals to the Supreme Court from the order made and entered in said action on the 20th day of February, 1915, vacating the judgment theretofore entered in this action in favor of plaintiff and against the defendant, and from the whole thereof, and from the pretended judgment embodied in said order."

It will be noted that appellant has, by his notice of appeal, appealed from the modified judgment, and that his contention that he has appealed from the "order" only is not in harmony with the record, although we are of the view that the result would be the same even if appellant had appealed only from the

order vacating the original judgment. The first sentence of section 7, c. 278, Laws of 1913, reads:

"All appeals from judgments or orders ·of said court shall be taken to the Supreme Court in the same manner and under the same restrictions, within the same time, and with the same effect, as appeals are taken from the circuit court to the Supreme Court: Provided, however, that in actions which would otherwise be cognizable before a justice of the peace except actions of forcible entry and detainer or detainer only, an appeal from the judgment of said court may only be taken to the circuit court, in the manner provided by the Justice Code."

The municipal courts were given jurisdiction over causes, some of which were triable in the circuit court, and some of which were triable before a justice of the peace. Section 7 of this statute, for the purpose of appeals, divides the causes triable before the municipal courts into two classes: (1) Those not cognizable before a justice of the peace, but which might have been triable in the circuit court; and (2) those triable before a justice of the peace. The language of this section that "all appeals from judgments and orders" clearly refers to the first class of causes or those that might have been tried in the circuit court, and has no applicability to the second class, or those that might have been tried before a justice of the peace. Appeals of the second class are taken to the circuit court in the manner provided by the Justice Code. Under the provisions of the Justice Code, appeals from intermediate or interlocutory orders are not permissible, but any intermediate order affecting the judgment may be reviewed only on an appeal from the judgment. Section 106, Justice Code. It is quite evident that the legislative mind had in view these provisions of the Justice Code, when the word "judgment" was alone used in relation to appeals to the circuit court in those causes cognizable before a justice of the peace. The only method for reviewing on appeal any intermediate order affecting the judgment in that class of causes, if the cause had been tried before a justice of the peace, is under and by virtue of an appeal from the judgment. It would hardly be supposed that the Legislature intended to split up the procedure of a single cause of action and permit an appeal direct to the Supreme Court from an intermediate order, where the

Judgment itself, in the same cause, could only be appealed to the circuit court. We express no opinion upon the merits of the regularity of the procedure in the municipal court sought to be reviewed on the appeal.

The motion to dismiss the appeal may be granted.

POLLEY, J., not sitting.